JULIAN F. SCOTT *v.* JOHN WHITE.

PRACTICE AT LAW.—*Ancillary attachment.*

1. Under the act of 1843, chapter 29, a Justice of the Peace had power to issue an attachment in aid of a cause pending in the Circuit Court.
2. SAME.—*Amendment.* By the terms of the same act failure to sign the affidavit to such an attachment is amendable in the Circuit Court.
3. SAME.—*Appeal.* An appeal lies from an order discharging such an attachment.

The plaintiff, Julian F. Scott, had a cause pending in the Circuit Court, and sued out an attachment in aid of the same before a justice of the peace. In doing so, he omitted by mistake to sign the affidavit on which the attachment was based, although the same was sworn to ; and he requested permission to amend this defect in the Circuit Court, which the

Scott v. White.

Circuit Judge refused, and thereupon discharged the attachment. From this order the plaintiff appealed.

In the Supreme Court a motion was made to dismiss the appeal on the ground that the order discharging the ancillary attachment was not a final judgment from which an appeal would lie.

TURLEY, J.:

An appeal will lie from an order to discharge an attachment, although it is merely a subsidiary proceeding. (1)

McKINNEY, J.:

The defect in the affidavit was amendable. The case differs from the case of Neil v. McReynolds, 8 Humph. 12, in which there was no affidavit. The Act of 1843, chapter 29, makes express provision for amendments. An attcahment may be issued under that act by a justice of the peace returnable to. the Circuit Court, where there is a ·cause already pending, just as upon an original cause.

*Motion to dismiss appeal denied, and judgment reversed.*

(1) An appeal in error in a proceeding at law, lies only from a final judgment. Carroll v. Coldwell, Mar. & Yerg. 85 ; Butcher v. Palmer, 4 Cold. 248.

In a criminal proceeding no appeal lies except from a final judgment, Nolin v. The State, 6 Cold. 12. But no appeal or writ of error lies from a judgment in a proceeding under the writ of habeas corpus, State v. Gallaway, 5 Cold. 326. ˙ An appeal lies only from a final decree in chancery with the exceptions provided in section 3157 of the Code, taken from Act of 1853, ch. 3, sec. 17. See Elliston v. Hughes, 1 Head. 225; Gill v. Crud, 3 Cold. 295; Franklin v. Franklin, 2 Swan, 521. Refusing a motion to dismiss for want of Equity is not embraced in the foregoing exceptions. Crenshaw v. Watkins, vol. 2 of these Reports. And an appeal will not lie from a refusal of a chancellor to grant an injunction. Bruce v. Bank of West Tennessee, vol. 2 of these Reports. But a writ of error lies only upon a final decree in chancery, Code 3176. Helms v. Mynatt, 6 Cold. 215.

A judgment at law is final, when. McDonald v. McDonald, 5 Yerg. 307; Welsh v. Marshall, 6 Yerg. 455; Eldies v. Johnson, Peck 204.

A judgment at law is not final, when. Joslyn v. Sappington, 1 Tenn. 222; Carroll v. Coldwell, Mar. & Yerg. 78; State v. Dillon, 3 Hay. 174.

A decree in chancery is final, when. Berryhill v. M'Kee, 3 Yerg. 157; Delap v. Hunter, 1 Sneed, 101; Gill v. Creed, 3 Cold. 295 ; Overton v. Bigelow, 10 Yerg. 48; Allen v. Barksdale, 1 Head 238; Haywood v. Marsh, 6 Yerg. 69.

A decree in chancery is not final, when. Read v. Robb, 4 Yerg. 66 ; Delap v. Hunters, 1 Sneed 101, 105; Crenshaw v. Watson, reported in vol. 2, of these Reports; Mayse v. Biggs, 3 Head 36. But contr. Banks v. Walker, vol. 2 of these Reports; Gill v. Creed, 3 Cold. 295.

Decree of County Court not final, when. Evans v. Shields, 3 Head 70