## HEED vs. THE STATE.

CRIMINAL LAW. *When possession of stolen goods creates presumption of guilt.*

1. A possession of stolen goods, which the proof disclosing it shows to have had an origin and inception *subsequent* to the larceny, is not such a possession as "creates a strong presumption" that the possessor was guilty of the larceny.

2. Thus, where the evidence for the state shows that the goods were transported some distance by a common carrier after being stolen, and that defendant then demanded and received them of the carrier, claiming them under a false name to which they had been consigned, although this may have been a very suspicious circumstance, tending, in connection with other evidence in the case, to show defendant's complicity in the larceny, still it was error to instruct the jury that such possession alone created a strong presumption of defendant's guilt.

ERROR to the Circuit Court for *Dane* County.

The plaintiff in error was indicted with one Ross for breaking and entering a store in the night-time with intent to steal, and actually stealing, therefrom certain goods, and was convicted of the offense. The goods were taken about August 4, from a store at Mazomanie, in Dane county. Part of the goods were found concealed in Mazomanie. Others, packed in two boxes, directed to "Charles Reed," at Lone Rock, Richland county, were shipped from Mazomanie on the 11th of said month of August, and on the next day *Heed* called for them, accompanied by Ross, signed a receipt for them, and was thereupon arrested. The only alleged error in the proceedings at the circuit, which is passed upon by this court, is in the instruction which is recited at length in the opinion, *infra*.

*Wm. F. & H. Vilas*, for plaintiff in error.

*The Attorney General*, for the state.

PAINE, J. There was one error in the ruling of the court below, for which this judgment must be reversed. It was in the instruction as to the effect of the possession of the stolen property, after the burglary, so far as the same was shown to have been in the defendant *Heed*. Prior to his demanding and receipting for the goods at the depot in Lone Rock, there was no evidence tending to show that he had any possession of any part of the goods, except such as tended to prove directly that he participated in the burglary, wholly independent of any inference arising from subsequent possession. Had the case been submitted to the jury upon this other evidence, showing his previous and subsequent movements, and his connection with the other prisoner, whose guilt was hardly contested, together with the fact of his demanding and receipting for the goods at Lone Rock in the false name to which they were consigned, it may well be that they would have arrived at the same verdict. Still, he had a

right to have the question of his guilt submitted, without the jury being misdirected to his prejudice. This cannot be said to have been done, in view of one of the instructions. It was this : "In this connection I further charge you, that possession of stolen property, and especially soon after a larceny, is strong presumptive evidence of guilt, unless the possession is explained or accounted for consistently with the innocence of the party having such possession. And in this case, the fact, if you so find it to be, that the defendants, *or one of them*, shipped the goods at Mazomanie, and that both were together and received them at Lone Rock, is *evidence of this character*."

This plainly tells the jury, that although the only subsequent possession which *Heed* was proved to have had of any of the goods, was that which he acquired at Lone Rock by demanding and receipting for them, yet this was of that character which raised the strong presumption that he was guilty of the burglary, unless he explained it. This cannot be so. We do not say that this possession was not a very material fact, which might justly have great weight with the jury, in connection with the other evidence showing the previous connection between the prisoners. Still, it was not such a possession as justified the instruction given. That is applicable only to an unexplained possession. It must be a possession, which the proof disclosing it does not show to have had an origin and inception subsequent to the offense. This was not of that character. On the contrary, the very proof showing it showed its origin and inception. The goods, after the burglary, had been transported by a common carrier from the place where the offense was committed to Lone Rock. They were in the carrier's possession for delivery. It is obvious, therefore, that a possession which had its inception in a delivery from the carrier, could not be the recent unexplained possession which justifies the application of the

rule given by the court. It was not an unexplained possession. The evidence showing it, showed its origin.

In saying, however, that it was explained, we mean only that it was explained so far as to prevent the applicability, in its full force, of the rule relating to the recent unexplained possession of stolen property. It may, nevertheless, have been a very suspicious circumstance, tending to show, in connection with the other evidence, the complicity of the two prisoners throughout the entire transaction. In respect to Ross (the other prisoner), the rule was applicable in its full force, because he was shown to have delivered the goods to the carrier at Mazomanie, at a late hour of the night. But the instruction under consideration assumes that *Heed* may have had nothing to do with that shipment of the goods, and yet tells the jury that his afterward demanding and receipting for them at Lone Rock would alone raise the same presumption as to him. This was error, for which the judgment must be reversed and a new trial ordered.

*By the Court.* — So ordered.