By the Court.—Sanford, J.
Not one of the legal propositions asserted in his charge, by the learned chief justice, as the basis of his action in directing a verdict for the defendants, was separately excepted to by the plaintiff's counsel on the trial; nor could tenable exception have been taken to any or either of such propositions. Indeed, it is not now contended that there was error in the charge, or in any part of it, except in the application of familiar and well-settled rules and principles to the facts and circumstances of this particular case.
It is claimed that there was conflicting evidence upon *35 the two main questions in the case, viz. : first, whether the injuries which resulted in the death of the plaintiff’s intestate were occasioned by negligence on the part of the defendants; and secondly, whether the said intestate was himself free from negligence which contributed to such injuries. It is even claimed that there was a preponderance of testimony in favor of the plaintiff upon both these questions, and the plaintiff’s counsel has addressed to us an able and elaborate argument and brief (chiefly devoted to an analysis of the testimony) in derogation of the verdict, and the action of the court in directing it. The case is very voluminous, and there are discrepancies in the evidence, possibly even some contradictions, in regard to particular facts. I have examined and considered the whole with deliberation and care, and my examination has satisfied me that the decision was correct.
It is not every case in which there is evidence, which, if uncontradicted, would sustain a judgment, that must be submitted to a jury in case such evidence be contradicted.
I am of opinion that a judge is not justified in submitting a case to the arbitrament of a jury, where the evidence in favor of either party is so preponderating as to require that an adverse verdict, if rendered, should be set aside ; and I deem it especially important that this rule should be observed in actions for negligence against corporations; carriers off passengers. For, as was wisely and truly remarked by Williams, J., in Toomey v. London, B. & S. Railway Co. (3 C. B. N. 8. 146), “every person who has had any experience in courts of justice, knows very well that a case of this sort against a railway company, could only be submitted to a jury with one result.” The rule has the sanction and approval of this court, and of the court of appeals (Ryan v. Thompson, 38 N. Y. Sup’r Ct. 133), and its more frequent adoption would sub *36 stantially promote the cause of justice, and tend to suppress, in some degree, the alarming increase in the number of purely speculative litigations which the misplaced sympathy of jurors, and an unwholesome dread of responsibility on the part of judges, has done much to foster and encdurage.
The judgment should be affirmed, with costs.
Speir, J., concurred.