City vs. Scalzo.

## No. 10,255.

### CITY OF NEW ORLEANS VS. S. SCALZO.

1. A motion to dismiss an appeal for want of jurisdiction may be filed at any time. The Court will notice such defect whenever and however it is brought to its notice, and even *ex proprio motu.*

2. When the claim of jurisdiction is based on a demand for damages manifestly fictitious and made merely to entrap the jurisdiction of this Court, the appeal will be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Carleton Hunt*, City Attorney; *Thos. McC. Hyman*, and *Frank N. Butler*, for Plaintiff and Appellant.

*W. S. Benedict* for Defendant and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The objection that the motion to dismiss was filed after the lapse of the three days allowed by law and is, therefore, too late, has no force. The motion is based on our want of jurisdiction and we take cognizance of such defect whenever it is called to our attention and even *ex proprio motu.*

The city, alleging that defendant is violating the provisions of Act 100 of the General Assembly of 1878 and of its own ordinances passed in pursuance thereof, by keeping a private market within the prohibited distance of a public market, prays for a writ of injunction and a judgment against him for $2500 damages.

The grounds of this claim for damages are that defendant's conduct " endangers the authority of the city, tends to excite opposition to the laws, impedes the exercise of its police and sanitary powers and renders the public markets less productive."

The laws referred to provide a specific and sufficient remedy for their violation by arrest, fine and imprisonment of offenders. We will abstain from expressing our opinion on the pretension of the city, that she may substitute for these summary remedies, or add to them, the civil remedy of injunction, because that would be trenching on the merits.

But the claim for damages is manifestly fictitious. If the defendant

has persistently violated the ordinances, it is because the city has not chosen to prevent and arrest such violation by the exercise of the powers vested in her by the laws and made effective by her ordinances. *Vo'enti non fit injuria.*

Satisfied that the claim for damages is fictitious and set up only to entrap the jurisdiction of this Court, we follow a long line of precedents in dismissing the appeal. Hall vs. Curtis, 39 Ann. 504; Bright vs. Thompson, 38 Ann. 801; March vs. McNeely, 36 Ann. 287; Columbia vs. Firemen, 37 Ann. 541; Wilkins vs. Gault, 32 Ann. 929; Pritchard vs. Parker, 21 Ann. 745; Hazenberger vs. Wild, 9 Ann. 3; Copley vs. Ross, 1 Ann. 310.

It is, therefore, ordered that the appeal herein be dismissed.