The opinion of the court was delivered by
Breaux, J.
The plaintiff is appellant from a judgment dismissing her suit on defendant’s exception of no cause of action.
The plaintiff was formerly the owner of both properties, that now owned by defendant and that of which she retains the possession.
When plaintiff was the owner of both lots she erected a wood fence, eight feet high on the boundary line of the properties. Subsequently she sold one of the properties to the defendant.
In the act of sale no reference is made to the fence.
The defendant, It is averred by the plaintiff, has illegally and without any right, added eight feet to the height of the fence, and she-further avers that she has thereby suffered damages, for which she sues. The claim for damages, the plaintiff alleges, consists of seventy-five dollars, arising from the additional height to the fence, and two-hundred and fifty dellars for repairs she had to make because of the alleged damage caused by this fence.
She, in addition, alleges the mental anguish occasioned h$y the additional height of the fence, for which she claims two thousand dollars “vindictive, exemplary and punitory damages.”
The plaintiff, in reference to the first fence (eight feet high, on thu *1432 boundary line, on the date she sold the adjacent lot to the defendant) alleges that it “ answered all the purposes of a division fence.”
On appeal before this court the defendant has interposed the plea of want of jurisdiction ratione mátense-, and alleged that plaintiff’s claim is purposely fictitious, with tbe object of creating aprima facie jurisdiction.
This allegation is principally directed against plaintiff’s claim for two thousand dollars, at which she has chosen to fix the amount of her damages for alleged mental anguish arising from the asserted “illegal, malicious and tortious conduct and act of defendant in erecting said additional fence and refusing to remove same, notwithstanding amicable demand and request.”
It is manifest that under no circumstances can plaintiff recover that amount (two thousand dollars) on the allegations of the petition. The act alleged was not such as to cause mental anguish for which damages, can be allowed. Adding height to a fence and the refusal to remove it, under the condition of things alleged, is not actionable, in so far as relates to the amount last stated. No aggravating conduct or act is alleged. The plaintiff by her allegation in this suit has limited her claim to actual damages.
As relates to the two thousand dollars claimed for mental anguish, the judgment of the District Oourt sustaining the exception was, in our opinion, correct. We have found no ground and can conceive no reason upon which plaintiff can possibly base a claim for any part of that amount.
In matter of raising the height of the fence, no insult, malice or indignity of any kind is alleged against the defendant.
Mental distress, in itself, is not one of the consequences arising from the raising of a fence on a division line.
The facts alleged in the petition must be taken as true, provided they are, in themselves possible. Their legal consequence is presumed to be denied.
In addition, the limited amount of actual damages claimed (less than three hundred and fifty dollars) gives rise to only one conclusion, that no amount can be due for mental anguish.
This brings us to the question of the jurisdiction of this court.
We do not think that the allegations as to the two thousand dollars in question are any more effectual and substantial in matter of jurisdiction than they are in matter of the exception of no cause of action.
*1433 It is urged in behalf of the defendant in exception, plaintiff in the suit, that the motion to dismiss was filed after three days, and in consequence it was not in time.
Upon the ground of want of jurisdiction ratione materise it was not too late; without the motion it would devolve upon us to dismiss the appeal ex proprio motu and to leave the remaining issues to be considered by another tribunal having jurisdiction over the true amount involved and presenting serious ground for consideration. The amount in dispute is surely less than two thousand dollars.
Having decided, for the reasons stated, that plaintiff has no right of action for exemplary damages, we can not consistently assume jurisdiction, and decide questions touching the lesser amounts claimed.
The large claim is unreal; the true matter in dispute was below our constitutional jurisdiction.
Poree vs. Valische, 15 An. 292.
The appeal is therefore dismissed at appellant’s costs.