STATE *vs.* IRWIN SPENCER.

*Criminal Law—Larceny—Stolen Property ; Possession of—Accounting for the Possession— When the Rule Applies—Evidence.*

One having in his possession stolen property may explain the circumstances under which he got possession of it, showing that his possession is an innocent one. But this rule has no application to a case where the circumstances under which a person actually obtains possession of property are proved.

*(September 17, 1902.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, September Term, 1902.

INDICTMENT FOR LARCENY of eighty-eight cuspidors, the property of the Pullman Company.

At the trial the State offered evidence tending to prove that on or about the twenty-fifth day of April, 1902, the defendant hired one Lacy and his team to haul, as he claimed, for another, the property alleged to have been stolen; that said property was about a half-mile north of the Pullman works in the city of Wilmington, and in a depression; that while the defendant, the driver and the other man were loading the cuspidors on the cart they were discovered by a police officer who came close to them before being observed and that the three men, including the defendant, ran away leaving the driver alone with the goods, and that the defendant was subsequently arrested; the goods were identified by officers of the company as being the property of the said company and as being part

of a lot of cuspidors which had been stored in boxes in an open lot back of their works, but they could give no date as to when the same were taken from the boxes.

*Ball*, for defendant, at the conclusion of the State's evidence asked the Court to instruct the jury to bring in a verdict of not guilty because there was no evidence that the goods had been stolen from the Pullman Company and no evidence that they had been *lately* stolen.

LORE, C. J.:—We think this is a question for the jury to decide under the proof in this case.

LORE, C. J., charging the jury :

Gentlemen of the jury :—This defendant is indicted for stealing eighty-eight cuspidors, the property of the Pullman Company, a corporation of the State of Illinois. Larceny, as you are aware, is the felonious taking and carrying away of the personal goods of another with intent to deprive the owner of his property therein and to appropriate the same to the use of the taker.

It is a general rule that where stolen property is found in the possession of one the law raises the presumption, in the absence of any evidence as to the circumstances under which he got possession of it, that the one in whose possession it is found, stole it. One having in his possession stolen property may explain the circumstances under which he got possession, showing that his possession is an innocent one. But this rule has no application to a case where the circumstances under which one actually obtains possession of property are proved.

We are asked by the defendant to charge you :

" That it is incumbent upon the State to show that the cuspidors found in the possession of the defendant, must not only have been stolen from the Pullman Company, but must have been

recently stolen from said company ; and if there is any doubt in the mind of the jury that the State has failed to prove that they were stolen, or if stolen were recently stolen from the Company, it is their duty to acquit the prisoner."

We decline so to charge; and we are of the opinion that so much of the principle of law as may be correctly stated in that prayer, has no application to this case. That the question here is one of fact for the jury, who have before them the evidence as to the circumstances under which this prisoner came into the possession of these goods. If he took these goods with others under circumstances such as would justify the jury in finding that he intended to appropriate them to his own use, or to the use of himself and others and to deprive the owner of the use of them—that is, took them feloniously—he may on that evidence be convicted if the jury are so satisfied.

But all this is a question for the jury. It is not a question of a naked presumption arising from such a fact as that a man is found somewhere with stolen goods upon him. We say to you that this question of fact must be determined by you upon the evidence. Of course the rule applies in this case as in all other criminal cases, that if upon the whole evidence you have a reasonable doubt of the guilt of the prisoner, that doubt should inure to his benefit and you should acquit him.

Verdict, guilty.