On Motion to Dismiss Appeal.
MONROE, J.
Upon July 12, 1900, Mrs. Schneider sued Miss Le Bas for rent, and caused a writ of provisional seizure to issue, under which the movable property in the leased premises was seized. Four days later —July 16th — Miss Marshall made an affidavit, which she served upon the sheriff, to the effect that there had been included in the seizure a piano which belonged to her, having been acquired from a music house in Cincinnati in 1897, and that she was a subtenant of Miss Le Bas, but owed the latter no rent. The sheriff thereupon demanded a bond of indemnity from the plaintiff in the writ, which was furnished July 19th, and assigned to the claimant. In the meanwhile, on July 17th, Miss Le Bas, the defendant in the writ, obtained the release of all the property seized upon furnishing a release bond in the sum of $212, the amount being predicated upon an inventory and appraisement in which the piano in question was valued at $100. The case was put at issue by a general denial, filed by defendant July 20, 1900. On October 3d Miss Marshall filed an intervention, claiming the piano, upon the grounds set forth in the affidavit, alleging that she had been obliged to employ an attorney at a cost of $25, had been damaged by the seizure of her property in like amount., and praying for judgment against Mrs. Schneider accordingly. And on the same day the defendant Miss Le Bas tendered the property which had been released, and ruled the plaintiff to show cause why the release bond should not be canceled. Upon October 8th the case was called for trial, and there was judgment for plaintiff as prayed for, maintaining the seizure, which judgment was signed October 12th. The intervention of Miss Marshall had not been put at issue, and no disposition was then made of it. Upon January 25, 1901, however, the intervention was heard upon exceptions filed by Mrs. Schneider of “no cause of action and vagueness,” and upon February 1st was “dismissed, with full reservation of all said intervener’s rights, as set out and alleged in said intervention, to reassert the same in a separate action against the plaintiff, Mrs. P. Schneider, and the defendant Miss Lena Le Bas.”
Thereafter, in July, 1901, Miss Marshall brought the present action, in which she alleges that she was boarding with Miss Le Bas, but had always promptly paid her rent, and that she had bought the piano in question “about August IS, 1899, from M. L. Davidson, who had pledged it at that time to Julian M. Wineliell & Co., at No. 1025 Oanal St., New Orleans.” She then alleges the seizure, the giving of the indemnity bond by the plaintiff, with R. J. Maloney as surety, in the sum of $200, and the obtention of the judgment, with the subsequent dismissal of her intervention, and reservation of her rights. And she further alleges that under the judgment so obtained the piano was sold, notwithstanding the fact that she again notified the sheriff and the counsel for the plaintiff that it belonged to her, and that the action of the plaintiff and of her attorney in proceeding with such sale was wanton and malicious. Wherefore she prays that she be allowed to recover from said plaintiff and her attorney $300 as the value of the piano, $1,500 as damages sustained by reason of the malicious invasion of her property rights, and $1,000 as punitory and exemplary damages; that the sheriff be condemned, in solido with said parties, to pay the $300 claimed as the value of the piano; and that Maloney be condemned, in solido with said parties and the sheriff, to pay $200 of the total amount claimed by virtue of his obligation as surety. To this suit the sheriff filed an exception of no cause of action, which was maintained by judgment signed August 12, 1901, from which no appeal has ever been taken. The other defendants filed exceptions of no cause of action, res judicata, and estoppel, which being-sustained, the suit was dismissed by judgment signed August 27, 1901, and from this last-mentioned judgment the plaintiff prosecutes the present appeal, which the defend *491 ants move to dismiss on the grounds that this court is without jurisdiction ratione materias, for this, to wit:
(1) That as against Mrs. Schneider and her attorney the claim is inflated for the purpose of conferring jurisdiction.
(2) That as against Maloney the amount claimed is only $200.
We are of opinion that the motion to dismiss should he sustained. The amount claimed from Maloney is, as stated, but $200. As to the other defendants the damages alleged to have been sustained are, for the most part, obviously impossible in fact and in law, inflated, and fictitious, it being apparent upon the face of the record that, if the plaintiff sustained any injury for which damages are recoverable (which we do not wish to be understood as intimating), the amount of such damages is far below that necessary to bring the case within the appellate jurisdiction of this court. City of New Orleans v. Scalzo, 41 La. Ann. 1141, 8 South. 538; Curter v. Addison et als., 44 La. Ann. 425, 10 South. 772; Wolf v. Stewart, 48 La. Ann. 1431, 20 South. 908.
It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed, at the cost of the appellant.