[No. 7835. Decided May 14, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. J. A. McINTYRE, *Appellant*.[1]

LARCENY—ANIMALS ON RANGE—RECENT POSSESSION—PRESUMPTIONS—DIRECT EVIDENCE—EFFECT. In a prosecution for larceny of horses running on the range, the state is entitled to the benefit of the presumption of guilt given by Bal. Code, § 7114, which provides that proof of possession of such animals shall be *prima facie* evidence that possession was acquired recently, and shall cast the burden of explanation upon the defendant; although there was direct evidence on the part of the state that the horses were feloniously taken from the range by the accused, as the presumption is only cumulative of the direct evidence (Rudkin, C. J., dissenting).

SAME—INFORMATION—DESCRIPTION OF ANIMALS ON RANGE—SUFFICIENCY. An information for the larceny of fifty-one horses running on the range, described as mares and geldings belonging to the state, is sufficient under the statute, although there was no specific description of the several animals sufficient to identify them in any subsequent prosecution.

[1]Reported in 101 Pac. 710.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered May 18, 1908, upon a trial and conviction of the crime of horse stealing. Affirmed.

*Cain & Hurspool*, for appellant.

*Otto B. Rupp, John H. McDonald*, and *Herbert C. Bryson*, for respondent.

FULLERTON, J.—The appellant was convicted of the crime of horse stealing, the charging part of the information being as follows:

"John A. McIntyre is accused by the Prosecuting Attorney of the County of Walla Walla, and State of Washington, by this information of the crime of horse stealing, committed as follows: The said John A. McIntyre on or about the 28th day of October, 1907, in the county of Walla Walla aforesaid, did take, steal, lead and drive away fifty-one head of horses, consisting of mares and geldings, the exact number of each being to the prosecuting attorney unknown, said horses being the property of the state of Washington, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

The evidence tended to show that on October 28, 1907, the appellant, with Paul Kruger, John Tyacke, Jr. and Richard Tyacke, went from Walla Walla county into the county of Benton, and there took from the range, where they were running at large, fifty-one head of horses, drove them into the county of Walla Walla and from there shipped them on cars to East St. Louis, Illinois, where they were sold. None of the horses belonged to the parties taking them, nor was the ownership of any of them discovered before the trial, except some seven head which were found to belong to one W. R. Montgomery. Paul Kruger testified that the horses were taken from the range with the intent to steal them, and that the act was the joint enterprise of all of the persons engaged therein.

On the trial the court instructed the jury as follows:

"And, if you find from the evidence that these horses or any of them were running upon the range by the permission of their owner, and the defendant were found in possession of these horses, that evidence would raise a presumption that this possession was recently acquired by him, and throws upon him the burden of explaining such possession. . . .

"As I have said to you before, if you find that these horses or any of them were running upon the range within this state by permission of the owners, proof of their possession or possession of any one of them by persons accused of stealing them raises a presumption that such person or persons acquired such possession recently, and has the effect of throwing upon such person or persons the burden of explaining the possession. If such person or persons fail to make any explanation or a reasonable explanation, the jury is warranted in drawing the inference, if they think it fair and proper under such circumstances, that such person or persons stole such property; but if such person or persons give a fair and reasonable explanation, one which the jury in view of all the circumstances deems a reasonable one and which exculpates the accused person, they are not bound to draw such inference and should not do it."

The appellant was found guilty of the crime charged, and this appeal is from the judgment pronounced upon him.

Two errors are assigned. (1) The giving of the instruction above quoted, and (2) that the stolen property was not sufficiently identified. These assignments will be noticed in their order.

The statute relating to presumptions arising from the possession of stolen property, which the owner has permitted to run on the range, reads as follows:

"In all prosecutions for larceny under the last preceding section, where the animal alleged to have been stolen was permitted by its owner to run on the range, proof of possession of the animal by the person accused of stealing the same shall be prima facie evidence that the accused acquired possession thereof recently, and shall have the effect of throwing on the accused person the burden of explaining such possession." Bal. Code, § 7114 (P. C. § 1616).

The appellant contends that the presumption declared by the statute to arise from the possession of property, which the owner has permitted to let run upon the range, is similar to that arising from the recent possession of stolen property at common law, and arises to supply the place of actual proofs, and that when actual proofs are present there is neither foundation nor room for presumption, and argues therefrom that in the case at bar it was error to charge the jury concerning the presumption arising from the statute at all, for the reason that the proofs were direct that the taking was felonious. Cases are cited which seemingly maintain this doctrine, but we are not convinced of their soundness. There can be no valid reason why a jury may not in every criminal case consider all of the legal evidence before them which tends to show the guilt of the accused. A presumption tending to establish a fact in dispute, arising from other facts proved or admitted, is as much evidence of the disputed fact as is direct testimony to the fact. The one may in some instances be weaker than the other, but weakness of evidence does not destroy its character as evidence. In the case at bar there was no conflict between the direct evidence tending to show the felonious taking and the presumption arising from the fact that the appellant was found in possession of the stolen property. Both the direct evidence and the presumption tended to establish the guilt of the accused, and instead of the one superseding or crowding out the other, the proofs were merely cumulative. We can see no reason, therefore, why the state should not have had the benefit of both classes of proofs, and we find no error in the instructions given.

The second contention is that there was no such description of the several animals alleged to have been stolen as would enable the defendant to show this conviction as *res judicata* should he be hereafter charged with the theft of one or more of these particular animals. But the description of the animals was sufficient to satisfy the statute. It would hardly be possible to describe these several animals in an information

so that they could be recognized from the description alone. This is true also of almost any article of personal property. When, therefore, a plea of former conviction or former acquittal is interposed as a defense to a charge of larceny, a resort may be had to extrinsic proofs to show the identity of the thing he is accused of taking with that described in the earlier charge. So in this case should the appellant be again charged with the larceny of any of the animals mentioned in this information, he can show the identity of the animals by parol. There is no error in the record and the judgment will stand affirmed.

CROW, CHADWICK, MOUNT, and DUNBAR, JJ., concur.

GOSE, PARKER, and MORRIS, JJ., took no part.

RUDKIN, C. J. (dissenting)—I dissent. It is only the unexplained possession of recently stolen property that gives rise to a presumption of guilt, and when the possession is fully explained and accounted for by the prosecution, as in this case, there is nothing upon which the presumption or inference may rest. The instruction complained of was wholly inapplicable to the facts before the jury and would naturally tend to prejudice the rights of the accused. *Heed v. State*, 25 Wis. 421; *State v. Spencer*, 4 Penn. (Del.) 92, 53 Atl. 337.