THOMPSON, J.
Plaintiff sues for $405.45, the value of certain described furniture and household effects, and for $5,000, damages for physical pain and suffering and mental anguish. The petition alleges that the furniture, etc., was her own separate paraphernal property, and that the defendant Levy conspired with her husband to defraud her out of her said furniture by purchasing the same ■from her husband and removing the same from the house she and her husband were living in while she was at the home of her mother, sick in bed. It is alleged that petitioner was the mother of a very young baby and was weak and enfeebled, and was obliged to reside in the rear of her brother’s plumbing shop, where she did not have the proper and necessary conveniences for herself and her baby; that she was compelled to sleep on a cot and suffered great physical and mental pain and anguish, all of which was due to the illegal, wrongful, and tortious acts of said Levy in taking possession of her furniture against her will and without her consent, through the illegal and pretended sale by her husband.
A trial was had before a jury, and, from a verdict and judgment in plaintiff’s favor for $1,000, the defendant has appealed.
Opinion.
[1] Assuming that the plaintiff owned the furniture and that she is entitled to recover its value from the defendant, who purchased from plaintiff’s husband, and assuming that the plaintiff has suffered some damage on account of the inconvenience she was put to by reason of being deprived of the use of her furniture, it is apparent from the face of the petition that the claim for $5,000 damages is palpably inflated and overexaggerated. We, of course, express no opinion on plaintiff’s right to recover, either the value of the furniture or damages for deprivation of its use. It is quite clear, we think, that no amount which plaintiff could recover would even approximate the lower limit of our jurisdiction. In looking into the record we find the original cost of the furniture to be $405.43, and there is no evidence to sustain the demand for damages to an extent that would bring the case within the appellate jurisdiction of this court. The plaintiff, when asked, “You allege in your petition you suffered hardship by reason of the sale of this furniture, state what that hardship consisted of,” answered:
“I don’t remember. I had to sleep on a cot, as they had no room for me, and I had to take care of my young baby.”
In the case of Edward Wagner v. New Orleans Railway & Light Co. (No. 24435) 91 South. 817,[1] we reaffirmed the rule laid down in Wolf v. Stewart, 48 La. Ann. 1431, 20 South. 908, and Tieman v. Johnston, 114 La. 112, 38 South. 75:
“In an action for damages when it is apparent that the greatest possible amount that may be recovered is much less than $2,000, the Supreme Court' is without jurisdiction ratione materise, even though damages in a sum exceeding that amount are asked in the petition.”
See, also, case of Mrs. Buck v. Mrs. Latimer (No. 23457) 92 South. 372,[2] and the case *893 of Widow Gaspare Lo Cicero v. Societa Italiana Cristoforo Columbo (No. 23545) ante, p. 887, 92 South. 373, this day decided.
[2] On account of the exaggerated demand contained in plaintiff’s petition, the defendant was forced to prosecute this appeal to this court. The plaintiff therefore should pay the costs incurred by this appeal.
It is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the same be lodged in that court within 15 days after this decree becomes final; the plaintiff to pay the costs of this court, and all other costs to abide the final result.

Ante, p. 400.

 Ante, p. 883.