[No. 20742.   Department One.   November 29, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. AL G. KRUGER, *Appellant*.[1]

[1] LARCENY (18, 26)—EVIDENCE—OWNERSHIP OF PROPERTY—NECESSITY OF PROOF. A conviction of larceny may be sustained by proof that the property taken by accused did not belong to him, without positively proving the ownership.

[2] CRIMINAL LAW (423)—ASSIGNMENTS OF ERROR—MATTERS REVIEWABLE. In a criminal case, error assigned upon the instructions given and the evidence received will not be considered, where the appellant's prayer is that the action against him be dismissed, and a new trial is not asked.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered March 30, 1927, upon a trial and conviction of petit larceny. Affirmed.

*John M. Gleeson* and *Harold M. Gleeson*, for appellant.

*Joseph H. Johnston* and *Roy C. Fox*, for respondent.

MACKINTOSH, C. J.—The defendant in this case was charged with grand larceny arising from the selling of wheat which he knew to be stolen. The trial resulted in a verdict of guilty of petit larceny, and from the judgment and sentence thereafter imposed, this appeal was taken.

The principal claim for a reversal is based upon the alleged failure of the state to introduce sufficient evidence establishing the wheat sold by the appellant to have been stolen; but an examination of the testimony shows sufficient facts to justify the jury in concluding that some, if not all, of the wheat disposed of by the appellant did not belong to him, and that he sold it knowing it to have been stolen. There was consider-

[1]Reported in 261 Pac. 383.

able testimony in the case as to the actions of the appellant for some time prior to the sale, and there is very satisfactory proof that at least one sack of the wheat disposed of by him he actually stole himself. The account which the appellant gave of the manner in which he came into possession of the wheat is such as to justify the verdict.

[1] It has long been held that it is not necessary for the state to identify stolen property as belonging to any specified individual. Convictions of larceny have been affirmed on the proof that the property involved did not belong to the defendant, while its actual ownership could not be positively shown. *State v. Coss,* 12 Wash. 673, 42 Pac. 127; *State v. Smith,* 40 Wash. 615, 82 Pac. 918, 5 Ann. Cas. 686; *State v. Eddy,* 46 Wash. 494, 90 Pac. 641; *State v. McIntyre,* 53 Wash. 178, 101 Pac. 710; *State v. Ray,* 62 Wash. 582, 114 Pac. 439.

[2] Error is assigned upon the refusal of the court to give certain instructions, but it is unnecessary to consider these assignments, as no new trial is asked for, the prayer of the appellant being that the action against him be dismissed. This conclusion must follow on other assignments of error relating to the reception of testimony.

Finding no reason for discharging the appellant and dismissing the action, the judgment must remain in force.

MITCHELL, PARKER, TOLMAN, and FRENCH, JJ., concur.