[No. 26554.   Department One.   April 1, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID MARCY *et al.*, *Appellants*.[1]

¹Reported in 66 P. (2d) 846.

*Wm. J. Conniff* and *Geisness & Smythe,* for appellants.

*Joseph H. Johnston* and *John M. Wilson,* for respondent.

GERAGHTY, J.—The appellants were jointly charged, by information, with the crime of grand larceny, in that they had sold a quantity of dynamite and caps, of the value of over twenty-five dollars, not their own property but known to them to have been stolen. Verdicts of guilty having been returned by a jury, sentences were imposed by the court.

The principal error assigned for reversal is the insufficiency of the evidence to establish the fact that the property alleged to have been sold was stolen; that is to say, there was insufficient proof of the *corpus delicti.*

On the night of September 23, 1936, McArthur, a watchman employed by the Bloedel Donovan Lumber Mills at one of its camps in Clallam county, found the appellants in possession of two boxes of dynamite taken from the lumber company's premises; one of the boxes was in a parked car owned by appellant Marcy and the other was lying on the ground. Appellant Johnson was seated in the car and McArthur learned from him that Marcy had hidden in the brush. Asked what he was doing with the dynamite, Johnson replied that he was selling it to make a little extra change. Having told Johnson to return to his home, subject to call, McArthur awaited the return of Marcy. After some time, he came out of the brush and was taken into custody.

The appellants were then, and had been for more than a year, employed by the lumber company as powder men. In their operations, it was customary for them to take out each day the quantity of powder

thought necessary. About this time, the foreman on the job had complained to them that they were taking out more dynamite than was required for the work.

After the appellants had been placed under arrest and confined in jail, Marcy disclosed to the authorities that he and Johnson had sold quantities of dynamite and caps, taken from the lumber company, to one Heather, who lived at Forks and carried on a logging operation near Tyee. This resulted in the filing of the information under which appellants were charged. It may here be explained that the explosives charged to have been sold in the information were not those taken on the night of September 23rd, the latter having been returned to the owner.

Heather testified that he bought four boxes of dynamite and two boxes of caps from appellant Johnson. Delivery was made by Johnson in a truck owned by himself and Marcy. Three boxes of dynamite were delivered at one time and one at another. Johnson had also hauled some old ties and lumber for Heather, who paid him by check, fifty dollars on account. He did not state how much of this money was for explosives and how much for the hauling.

A deputy sheriff testified that Marcy had confessed to him the theft of two boxes of dynamite on September 23rd, as well as the four boxes of dynamite and three boxes of caps sold to Heather.

Marcy admitted, in his testimony, the theft on September 23rd, but denied having sold dynamite to Heather. He admitted receiving twenty-five dollars from Johnson, but said it was on account of money earned by the truck driven by Johnson, in which both had an interest. He denied having made the confession testified to by the deputy sheriff.

Johnson testified that he was drunk on the night of the 23rd, when found in Marcy's car, and had no

recollection of what was done or said. He denied having delivered any explosives to Heather and stated that the money received from him was in payment for trucking.

"Proof of a charge, in criminal causes, involves the proof of two distinct propositions: first, that the act itself was done, and secondly, that it was done by the person charged, and by none other—in other words, proof of the corpus delicti and of the identity of the prisoner. Hence before there can be a lawful conviction of a crime, the corpus delicti—that is, that the crime charged has been committed by some one—must be proved." 7 R. C. L. 774.

■ It is a rule that conviction cannot rest upon a confession made out of court unless there is independent evidence to establish that the crime has actually been committed by someone. However, the admission of the defendant, along with other circumstances, can be shown to establish the *corpus delicti*. *State v. Scott*, 86 Wash. 296, 150 Pac. 423; L. R. A. 1916B, 844.

■ Here, while the appellants denied the admissions testified to by the deputy sheriff and watchman, it was for the jury to say whether they had been made. It was also for the jury to find whether or not the appellants had sold the dynamite and caps. The jury were fully warranted by the evidence in finding the sale of the explosives by the appellants. The evidence which warranted this finding pointed unerringly to the theft of the property, in the absence of any explanation by the appellants. They offered no explanation when on the witness stand, relying on their denial of the sale.

In a prosecution for larceny it is not essential that the *corpus delicti* should be established by evidence independent of that which tends to connect the defendant with its perpetration, but the same evidence may

go to prove both the existence of a crime and the guilt of defendant, both standing together on a foundation of circumstantial evidence. *George v. United States,* 1 Okla. Crim. 307, 97 Pac. 1052.

The evidence tended to show that the property, if stolen, was taken from the Bloedel Donovan Lumber Mills. But it was not necessary that the ownership be shown.

"Convictions of larceny have been affirmed on the proof that the property involved did not belong to the defendant, while its actual ownership could not be positively shown. *State v. Coss,* 12 Wash. 673, 42 Pac. 127; *State v. Smith,* 40 Wash. 615, 82 Pac. 918, 5 Ann. Cas. 686; *State v. Eddy,* 46 Wash. 494, 90 Pac. 641; *State v. McIntyre,* 53 Wash. 178, 101 Pac. 710; *State v. Ray,* 62 Wash. 582, 114 Pac. 439." *State v. Kruger,* 145 Wash. 654, 261 Pac. 383.

Other assignments made by appellants are without merit and call for no discussion.

The judgments are affirmed.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.