[Nos. 33552, 33553.   *En Banc.*   March 14, 1957.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM P.
CARDEN, *Defendant,* RICHARD A. RINKES *et al.,*
*Appellants.*[1]

*Franco & Bensussen* and *Alan L. Froelich,* for appellants.

*Charles O. Carroll, Laurence D. Regal,* and *James J. Caplinger,* for respondent.

HILL, C. J.—This is a hypertechnical appeal in a criminal cause. The sufficiency of the evidence to sustain the conviction of appellant Richard A. Rinkes on a charge of larceny is not questioned; but it is urged that the conviction should be set aside because the state proved too much.

[1]Reported in 308 P. (2d) 675.

It was charged that appellant Rinkes and defendant William P. Carden "did secrete, withhold and appropriate certain personal property" which they knew was stolen (*i.e.,* they concealed certain stolen plumbing supplies in a truck), and that appellant Mitchell Thompson "did aid, abet, encourage, assist, advise and counsel" them in the unlawful act (*i.e.,* through him, Rinkes and Carden were negotiating for the sale of the stolen goods to a dealer in plumbing supplies).

The subsection of the statute under which Rinkes and Carden were charged makes it a crime to "aid in concealing or withholding any property wrongfully appropriated," knowing the same to have been so appropriated. Laws of 1915, chapter 165, § 3(5), p. 494 (Rem. Rev. Stat., § 2601(5) [*cf.* RCW 9.54.010(5)]). We do not understand that any contention is made that the state could not use the word "secreting" instead of "concealing." However, appellants do place emphasis upon the word "aid" in the statute, and urge that, because the statute makes it an offense to "aid in concealing or withholding," a defendant cannot be charged under that subsection with "concealing or withholding."

■ With this contention we cannot agree. The state might well have charged the defendants in the words of the statute, but a charge (and proof) of concealing and withholding is proper under § 3(5). See *State v. Slater* (1950), 36 Wn. (2d) 357, 366, 218 P. (2d) 329. The statute referred to defines a crime; it does not relate to an individual who aids or abets in the commission of a crime. See Laws of 1909, chapter 249, § 8, p. 892 (Rem. Rev. Stat., § 2260 [*cf.* RCW 9.01.030]).

The principal contention made on behalf of appellant Rinkes is that, the state having proved that he actually stole plumbing supplies, he cannot be convicted of larceny on proof of concealing and withholding the plumbing supplies which he had stolen.

In our larceny statute (Laws of 1915, chapter 165, § 3, p. 493 (Rem. Rev. Stat., § 2601 [*cf.* RCW 9.54.010])), the element common to all five definitions of "larceny" con-

tained in five different subdivisions is an intent to deprive or defraud the owner of property. We are concerned with the fifth subsection, which reads:

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this act—

"Steals such property and shall be guilty of larceny."

From a reading of § 3 in its entirety, it is obvious that larceny may be committed in a number of different ways. Although the state may not be able to prove that a defendant had physically removed certain property from the possession of the owner, the statute provides that, on proof of certain other acts (*inter alia,* aiding in concealing or withholding property known to have been wrongfully appropriated), the defendant "Steals such property and shall be guilty of larceny."

■■ We hold that, if one or more of the acts referred to in § 3 (5) can be established, it is proper to charge under that subsection, even though evidence is presented that the defendant also performed the act of taking the property from the possession of the owner. There could be no more convincing evidence as to the element of knowledge that the property was wrongfully appropriated than proof that the defendant himself had stolen it. *State v. Kruger* (1927), 145 Wash. 654, 261 Pac. 383.

The present case is an excellent illustration of the reason for and the desirability of such a rule. The state had evidence that certain plumbing supplies had been stolen, but no evidence of who took them from the owner's warehouse. It could prove that defendant Carden and appellant Rinkes had secreted or concealed the stolen supplies in a truck and, through appellant Thompson, had negotiated their sale to another party, and that Thompson was to furnish a bill of sale. Without evidence as to who actually took the plumbing supplies and with circumstantial evidence only to establish that Carden, Rinkes, and Thompson knew that they were

stolen, it would be natural to charge Carden and Rinkes under § 3(5) of chapter 165, Laws of 1915, p. 494 (Rem. Rev. Stat., § 2601(5) [cf. RCW 9.54.010(5)]), and Thompson, as having aided and abetted them, under § 8 of chapter 249, Laws of 1909, p. 892 (Rem. Rev. Stat., § 2260 [cf. RCW 9.01-.030]).

Carden later confessed that he and Rinkes had taken the plumbing supplies from the warehouse of the owner, but Rinkes made no such admission and went to trial on a plea of "Not guilty." On the basis of the Carden confession, the state could have elected to charge Carden and Rinkes with the actual taking of the plumbing supplies under § 3(1), chapter 165, Laws of 1915, p. 493 (Rem. Rev. Stat., § 2601(1) [cf. RCW 9.54.010(1)]), but if it had done so it would have been dependent upon the jury's believing Carden (or, if he had repudiated the confession at the trial—and such things sometimes happen—the state would have been dependent upon the jury's finding that the Carden confession was not obtained by coercion and that it contained the truth). Contrary to appellant Rinkes' contention, the state was not under compulsion to charge a taking merely because it had a witness who would testify that Rinkes had actually taken the property from the possession of the owner. The testimony of the taking in no way precluded a conviction of larceny based upon concealing and withholding property known to the defendants to have been stolen.

The appeal of defendant Thompson, charged with aiding and abetting Rinkes and Carden, is dependent upon Rinkes' appeal. If Rinkes was properly charged and convicted, it follows that Thompson was properly charged with aiding and abetting.

Finding no merit in the technicalities urged upon us, we affirm the judgment and sentence as to each of the appellants, Rinkes and Thompson.

MALLERY, FINLEY, WEAVER, and OTT, JJ., concur.

FOSTER, J., concurs in the result.

DONWORTH, J. (dissenting)—The state's evidence in this case showed that on July 2, 1955, appellant Rinkes and de-

fendant William P. Carden forcibly broke into and entered the premises of the Farwest Plumbing Supply in Seattle, and stole a substantial quantity of plumbing fixtures, which they hauled away in a rented truck. The next morning, with the help of appellant Thompson, they attempted to sell the stolen goods to another plumbing supply company. On July 5, 1955, before any payment had been made to them by the latter company, all three parties (appellants and Carden) were arrested.

The question on appeal is whether appellant Rinkes, on this evidence, was lawfully convicted under an information which charged that he and Carden,

". . . on or about the 2nd day of July, 1955, knowing the same to have been stolen with intent to deprive and defraud the owner thereof, willfully, unlawfully and feloniously did *secrete*, withhold and appropriate certain personal property . . ." (Italics mine.)

Appellant Rinkes contends (a) that there was a failure of proof, and (b) that the information does not charge a crime.

The pertinent sections of the larceny statutes, Laws of 1915, chapter 165, § 3, p. 493 (*cf.* RCW 9.54.010), read as follows:

"Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or . . .

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive *or aid in concealing or withholding any property wrongfully appropriated,* whether within or outside of this state, in such manner as to constitute larceny under the provisions of this act—

"Steals such property and shall be guilty of larceny." (Italics mine.)

It is obvious that the evidence presented to the jury was, if believed, sufficient to prove the commission of the crime of grand larceny under subdivision (1) of RCW 9.54.010. The information, however, did not charge appellant with having committed larceny as defined by subdivision (1),

but, as the state conceded, the charge was based upon subdivision (5).

In his brief, appellant Rinkes argues that subdivision (5) is the "Receiving Stolen Property" section of the statute, and that, since the state did not prove that he *received* the property from some other person, there was a failure of proof. In support of this argument, this appellant cites numerous authorities which state the rule to be that, under such a statute, the thief cannot be guilty of receiving the property which he originally stole. It is not necessary to pass upon this argument nor to review these authorities, since this appellant was not charged with *receiving* stolen property.

Appellant Rinkes' second contention, *i.e.*, that the information fails to charge a crime, raises the determinative legal question in this case.

Where the language of a statute is plain, free from ambiguity, and devoid of uncertainty, there is no room for construction, because the meaning may be discovered from the wording of the statute itself. *State v. Houck,* 32 Wn. (2d) 681, 203 P. (2d) 693.

Applying the above rule of statutory construction to subdivision (5) of the statute, there appears to be no ambiguity or uncertainty, and further, there appears to be no offense defined by the statute such as was charged in the information, namely, to "secrete, withhold and appropriate" such property under the circumstances alleged. Indeed, the statute makes it a crime only where a person shall *"aid in* concealing or withholding any property wrongfully appropriated" where the other necessary elements of the crime are present.

To hold that the information charges a crime under subdivision (5) of the statute, is to ignore the words *"aid in"* as used therein.

Even if, as the state seems to contend, it be considered that there were an ambiguity in the statute, the general rule is that penal statutes are construed strictly against the state

and in favor of the accused. *State v. Thompson,* 38 Wn. (2d) 774, 232 P. (2d) 87.

The plain meaning of the phrase "aid in concealing or withholding" necessarily implies that another person is being assisted in performing those acts. Under the evidence in this case, the thieves could not in reason be said to be guilty of aiding themselves or each other in concealing or withholding the stolen property.

We have held that the subdivisions of the larceny statute define separate and distinct offenses, rather than providing various ways in which the same offense could be committed, notwithstanding that the several offenses were all designated as larceny. *State v. Olds,* 39 Wn. (2d) 258, 235 P. (2d) 165. The effect of the majority opinion in the case before us is to make virtually every thief guilty of two separate larcencies: One when he takes the property, another when he withholds or conceals it. Surely, this was not the intent of the legislature.

The highest court of New York has held that one who himself steals property cannot be convicted under a statute directed against one who "conceals [or] withholds . . . any property, knowing the same to have been stolen, . . . ." It is worth noting that the New York statute did not contain the words *"aid in"* concealing or withholding, which make our statute even more clearly applicable to others than the thief himself. The court said:

"Use of the phrase, 'knowing the same to have been stolen', in connection with one who 'buys' or 'receives' as well as with one who 'conceals [or] withholds' such property, demonstrates that the statute as a whole is aimed at one other than the thief. The person who 'buys' or 'receives' property, 'knowing the same to have been stolen', may not be one who actively participated in the larceny, and there is no reason to suppose that the companion provision aimed at a person who 'conceals' or 'withholds' goods, 'knowing the same to have been stolen', was designed to describe or refer to a different class of criminals.

"A defendant may, of course, be indicted for both the crime of larceny and the crime of concealing and withholding and it is for the jury to determine whether he is guilty as a thief of the larceny *or* as a non-thief of concealing and

withholding." *People v. Daghita,* 301 N. Y. 223, 93 N. E. (2d) 649.

For foregoing reasons, I am of the opinion that the information did not charge a crime under any of the subsections of the larceny statute (RCW 9.54.010), and would, therefore, reverse the judgment as to appellant Rinkes with directions to dismiss the action.

Appellant Thompson was charged with aiding and abetting the principal actors, Rinkes and Carden. In the case of *State v. Barry,* 43 Wn. (2d) 807, 264 P. (2d) 233, we stated:

"In order to convict appellant [an aider and abettor], it was necessary for the state to prove, first, that the crime charged had actually been committed and, second, that appellant aided and abetted in its commission. *State v. Klein,* 94 Wash. 212, 162 Pac. 52; *State v. Nikolich,* 137 Wash. 62, 241 Pac. 664."

Here, in my view, the state failed to charge Rinkes and Carden with a crime. Consequently, appellant Thompson could not be guilty of aiding and abetting them in the perpetration of a nonexistent crime, and the judgment should also be reversed as to him, and the action dismissed.

Since neither appellant has been charged with a crime, their trial does not constitute a bar to their being charged with such other offenses as the evidence in the present case may warrant. If either of them is tried and found guilty of any such offense, he can be punished as provided by law, notwithstanding this abortive attempt to bring him to justice.

If it be considered necessary or desirable that a "catchall" clause be included in the larceny statute, the remedy should be supplied by the legislature. Courts must construe the existing statute in accordance with applicable legal principles. *State v. Becker,* 39 Wn. (2d) 94, 234 P. (2d) 897.

In the absence of such legislation, I am compelled to dissent.

SCHWELLENBACH and ROSELLINI, JJ., concur with DONWORTH, J.