**Marshall LINDSEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

Louis V. Mangrum, Mayfield, for appellant.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., L. M. Tipton Reed, Mayfield, for appellee.

PALMORE, Judge.

In his trial on a charge of feloniously receiving stolen property (KRS 433.290) the appellant, Marshall Lindsey, took the witness stand in his own defense and testified that it was he who had stolen the property. The Commonwealth responded to this unusual stratagem by moving for and obtaining a dismissal of the indictment, after which Lindsey was indicted and convicted on two counts charging felonious theft (KRS 433.250) of the same property.

The defense of former jeopardy was timely asserted and preserved, and it presents the only question before us on this appeal.

Receiving stolen property is an offense separate and distinct from that of stealing the same property, and under ordinary circumstances it would not be possible for a person to be convicted of both, though he may be indicted and tried on alternative counts. Mercer v. Commonwealth, Ky., 330 S.W.2d 734, 736 (1960). By the same token, an acquittal on one of these two charges is entirely consistent with a conviction on the other. Even, therefore, had Lindsey been acquitted in the first proceeding, the subsequent indictment and conviction for theft would have been proper.

We are unable to agree with the proposition that the theft itself and the receiving of stolen property were parts of the "same criminal act, transaction, or omission" under the test stated in Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795 (1937).[1] According to the evidence, Lindsey sold certain hogs and goats to one Johnson. They had been stolen from another. Lindsey either had stolen them himself or had received them from someone else. He could not have done both. Therefore, it was not possible for the stealing by Lindsey and the receiving by Lindsey to have been parts of one and the same transaction, because one "part" or the other simply did not exist.

The judgment is affirmed.