[No. 683-1.    Division One—Panel 2.    March 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD FLINT, *Appellant*.

546

*Robert L. Milligan,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *Allen J. Hendricks, Deputy,* for respondent.

JAMES, J.—Gerald Flint was found guilty of "grand larceny by possession" of two stolen Winchester rifles. The information, based upon RCW 9.54.010(5),[1] charged that Flint "with intent to deprive and defraud the owner thereof, willfully, unlawfully and feloniously did then and there receive and aid in concealing and withholding [the rifles] . . . knowing said property to have been stolen, . . ."

Flint's principal assignment of error is that evidence was admitted which established that the rifles found in his possession were the loot of a recently perpetrated burglary. The evidence could circumstantially connect Flint with the burglary. Flint complains that this forced him to defend against a crime with which he was not charged and therefore did not prepare to defend.

We find no merit in this contention. Evidence relevant and material in proving an element of a crime charged may also connect a defendant with another crime. *State v. Rahn,* 1 Wn. App. 159, 459 P.2d 824 (1969). The admission of evidence of an accused's participation in an *unrelated* crime is, however, prejudicial error. *State v. Vindhurst,* 63 Wn.2d 607, 388 P.2d 552 (1964). But such evidence is properly admissible if it tends to prove some essential ele-

---

[1] "Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

"Steals such property and shall be guilty of larceny."

ment of the crime charged. *State v. Dinges,* 48 Wn.2d 152, 292 P.2d 361 (1956); *State v. Hennings,* 3 Wn. App. 483, 475 P.2d 926 (1970). Flint's knowledge that the rifles were stolen is an essential element of the crime of "possession" with which he is charged. "There could be no more convincing evidence as to the element of knowledge that the property was wrongfully appropriated than proof that the defendant himself had stolen it. *State v. Kruger* (1927), 145 Wash. 654, 261 Pac. 383." *State v. Carden,* 50 Wn.2d 15, 17, 308 P.2d 675 (1957); *see also State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969).

Flint's principal argument is that under the statute one who himself "wrongfully appropriates" property cannot be guilty of "receiving" the same property.

■ ■ According to *State v. Hite,* 3 Wn. App. 9, 12, 472 P.2d 600 (1970), "It is the holding of a majority of jurisdictions that one cannot be both the principal thief and the receiver of stolen goods." Mr. Justice Frankfurter, dissenting in *Milanovich v. United States,* 365 U.S. 551, 558, 5 L. Ed. 2d 773, 81 S. Ct. 728 (1961), states that:

> It is hornbook law that a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods he has stolen. *E. g., Cartwright v. United States,* 146 F. 2d 133; *State v. Tindall,* 213 S. C. 484, 50 S. E. 2d 188; see 2 Wharton, Criminal Law and Procedure, § 576; 136 A. L. R. 1087. And this is so for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken. In short, taking and receiving, as a contemporaneous—indeed a coincidental—phenomenon, constitute one transaction in life and, therefore, not two transactions in law.

But, as Mr. Justice Frankfurter further points out, the severable ingredients of one compound transaction may be outlawed and made punishable as separate offenses.

The holding of *Milanovich* is that an accused may be prosecuted in one cause on *alternate* counts for either the primary theft or the secondary receiving. In such event, the jury must be instructed that "a guilty verdict could be

returned upon either count but not both." *Milanovich v. United States, supra* at 555.

Here Flint was charged only with the secondary receiving. He did not admit that he committed the burglary as did the defendant in *Lindsey v. Commonwealth*, 383 S.W.2d 333, 334 (Ky. 1964), a case cited by Flint. The opinion in *Lindsey* is brief and instructive.

> In his trial on a charge of feloniously receiving stolen property (KRS 433.290) the appellant, Marshall Lindsey, took the witness stand in his own defense and testified that it was he who had stolen the property. The Commonwealth responded to this unusual stratagem by moving for and obtaining a dismissal of the indictment, after which Lindsey was indicted and convicted on two counts charging felonious theft (KRS 433.250) of the same property.
>
> The defense of former jeopardy was timely asserted and preserved, and it presents the only question before us on this appeal.
>
> Receiving stolen property is an offense separate and distinct from that of stealing the same property, and under ordinary circumstances it would not be possible for a person to be convicted of both, though he may be indicted and tried on alternative counts. Mercer v. Commonwealth, Ky., 330 S.W.2d 734, 736 (1960). By the same token, an acquittal on one of these two charges is entirely consistent with a conviction on the other. Even, therefore, had Lindsey been acquitted in the first proceeding, the subsequent indictment and conviction for theft would have been proper.

Perhaps one charged solely with "receiving" stolen property under RCW 9.54.010 (5) could avoid prosecution on that charge by admitting the primary theft of the property. Flint did not choose, however, as did Lindsey (*Lindsey v. Commonwealth, supra*), to leap from the frying pan into the fire. The state did not *prove* that Flint participated in the burglary. In fact, Flint denied involvement. The state's evidence concerning the burglary could, however, satisfy the jury beyond a reasonable doubt that Flint knew that the rifles he possessed had been "wrongfully appropriated."

We have considered Flint's further assignments of error

and find them to be without substance or merit. *State v. Travis,* 1 Wn. App. 971, 465 P.2d 209 (1970).

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.