[No. 20269. Department Two. March 10, 1927.]

JOSEPH BUTCHER, *by his Guardian ad Litem Opal Oppie, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1] WITNESSES (66-1)—EXAMINATION—USE OF DOCUMENTS. Where a witness admitted making a written statement contrary to his evidence, showing him the paper is unnecessary for his impeachment; but it is prejudicial error, where his testimony is vital, to refuse to allow counsel to see the paper, then present in court, for the purpose of redirect examination to explain the apparent contradiction.

[2] TRIAL (20)—RECEPTION OF EVIDENCE—OFFER OF PROOF. Error cannot be predicated upon restricting the examination of a medical witness, where there was no offer of proof not already in the record.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 6, 1926, upon the verdict of a jury in favor of the defendant, in an action for damages resulting from a collision between a street car and an automobile. Reversed.

*James E. Seargeant* and *George F. Hannan,* for appellant.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for respondent.

MACKINTOSH, C. J.—In an action against the respondent for damages occasioned by one of its street cars colliding with an automobile in which the appellant was riding, it became material to show the distance that the street car had traveled after the moment of impact, the principal claim of negligence being that the street car had been operated at an excessive rate of speed. The appellant called as his principal witness on this point a person who had witnessed the collision, and who testi-

[1]Reported in 253 Pac. 1082.

fied that the street car had gone a distance of approxi-
mately one hundred twenty-five feet, after striking the
automobile, before it was stopped. On cross-examina-
tion, he was asked whether he had not made a written
statement to the city authorities, soon after the acci-
dent, in which he had stated that the street car had
only traveled thirty feet. His admission of having
made such a written statement was accompanied by
some indefinite explanation.

[1] Counsel for the appellant requested that the
witness be shown the written statement. This request
was refused by the court; and upon redirect examina-
tion, appellant's counsel demanded that he be allowed
to have the written statement in his possession for the
purpose of examining the witness in regard to it, to the
end that the apparently contradictory statements of
the witness could be explained. This request was also
refused and constitutes the principal assignment of
error in this action. The witness having admitted that
he had made a written statement contrary to his state-
ment upon the stand, it was unnecessary to lay the
foundation for impeaching him by showing him the
statement; but that does not answer the appellant's
contention that his counsel should have been allowed
to inspect the statement for the purpose of redirect
examination.

Many text-writers and a great many courts have
clearly indicated that such a request should be granted
to allow the witness to explain the apparent contradic-
tion, and that, in order for counsel examining him to
elicit such explanation, it is necessary that the written
statement be produced, so that the matter can be in-
telligently and effectively investigated. As already
indicated, this does not involve the question of the
introduction of this written statement in evidence,

where the witness has denied having made it and where it is produced for the purpose of accomplishing his impeachment. There seems to be only one dissenting voice in opposition to this view of proper procedure, and that in a text-book which admits that the decisions are contrary to the writer's position, who bases his assertion on an oversight as to the repeal of an English statute which attempted to nullify the early English case, *The Queen's Case,* 2 Brod. & B. 284 (129 Reprint, 976), decided in 1820, which is the foundation for the rule.

The erroneous refusal to allow the appellant to examine this document, which was in court and in possession of the respondent's counsel, was prejudicial, for the reason that the testimony of the witness being examined was of vital importance.

[2] Error is also predicated upon the restriction of the examination of a medical witness; but in this we find no error, for the reason that no offer of proof was made of any testimony that was not already in the record, and, while the appellant argues that the doctor should have been allowed to testify to some additional matters, no offer was made to that effect.

Objection is also made to an argument to the jury made by the respondent's counsel, but it is unnecessary to further notice this point, for the reason that it will not recur upon a new trial.

For the error which we find in the record, the judgment is reversed, and a new trial ordered.

TOLMAN, PARKER, BRIDGES, and ASKREN, JJ., concur.