[No. 20495. Department One. April 15, 1927.]

## THE STATE OF WASHINGTON, *Respondent*, v. LEONARD TYREE, *Appellant*.[1]

[1] CRIMINAL LAW (281)—INSTRUCTIONS—NECESSITY—PRESUMPTION OF INNOCENCE. The fact that an admitted killing raises the presumption of murder in the second degree does not excuse failure to give an instruction under Rem. Comp. Stat., § 2308, providing that every person is presumed to be innocent until the contrary is proven beyond reasonable doubt.

[2] HOMICIDE (110, 111)—INSTRUCTIONS—JUSTIFICATION AND SELF DEFENSE. In a prosecution for murder, where accused testified that he shot in self defense, it is proper to refuse an instruction upon the subject of justifiable homicide, since self defense is not within the statutory definition of justifiable homicide, Rem. Comp. Stat., § 2404; but an instruction should be given that homicide is justifiable in the actual resistance of an attempt to commit a felony under Id., § 2406, subd. 2.

[3] SAME (110)—TRIAL—INSTRUCTIONS—SELF DEFENSE. In a prosecution for murder, in an instruction upon the subject of self defense, the jury should be told that the test is not what someone else would believe, but that the accused had the right

[1]Reported in 255 Pac. 382.

to resist an attack with the amount of force that under the circumstances appeared reasonably necessary to him.

[4] SAME (111-1)—INSTRUCTIONS—SELF DEFENSE—APPARENT DANGER. The criterion of apparent danger is the situation as viewed from the defendant's standpoint, or danger apparent to his comprehension as a reasonable man in his situation.

[5] SAME (106-1)—INSTRUCTIONS—REPUTATION. An instruction upon the previous good reputation of the accused and his general reputation for quarrelsomeness should not be confined to a situation where there was serious conflict in the testimony.

[6] CRIMINAL LAW (142)—DOCUMENTARY EVIDENCE—OFFICIAL PROCEEDINGS. It is not error to exclude the coroner's inquest notes, referred to to refresh the recollection of a witness, where they contained highly improper matter.

[7] CRIMINAL LAW (146)—DOCUMENTARY EVIDENCE—PHOTOGRAPHS. A photograph of the body of the deceased was admissible when sufficiently identified as referring to the situation at the time of the crime.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 19, 1926, upon a trial and conviction of manslaughter. Reversed.

*Chester A. Batchelor* and *Joseph A. Barto,* for appellant.

*Ewing D. Colvin, R. M. Burgunder,* and *R. L. Bartling,* for respondent.

MACKINTOSH, C. J.—The appellant was charged by information with the crime of murder in the first degree and, having been convicted of manslaughter, appeals.

He claims that the shooting was done in defense of his person.

[1] One of the errors assigned is the failure of the trial court to give an instruction that the appellant was presumed to be innocent. Under Rem. Comp. Stat., § 2308 [P. C. § 9139], every person on trial for a crime is presumed to be innocent until the contrary is proven by competent evidence beyond a reasonable doubt; and

in *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, this court said that the accused is always entitled to an instruction embodying this presumption. The state's excuse for the failure to give this instruction is that, the killing having been admitted, the presumption of murder in the second degree attaches and that thereby the presumption of innocence no longer obtains. While it is true that, ever since the decision of *State v. Payne*, 10 Wash. 545, 39 Pac. 157, it has been the law that, where homicide has been proven, the presumption then is that it is murder in the second degree; yet this will not excuse the failure to give the presumption-in-favor-of-innocence instruction. The two presumptions are not necessarily antagonistic, for the defendant is presumed innocent until his guilt has been proven beyond a reasonable doubt, and, although the killing may be admitted, the presumption which then arises is as to the degree of the crime of which he is guilty, and is not proof beyond a reasonable doubt that the defendant is guilty of any crime. Throughout the trial, until his guilt has been established beyond a reasonable doubt, he is presumed to be not guilty of any crime; but the killing having been admitted, the presumption then is that the crime, if any, of which he is guilty, is that of murder in the second degree.

[2] Another error assigned is that no instruction was given in regard to excusable homicide. Under the evidence in this case, an instruction upon this phase of homicide was properly refused, for it appears from the appellant's testimony that he shot in self-defense. If this is true, the homicide might be justifiable, but does not come within the statutory definition of excusable homicide (Rem. Comp. Stat., § 2404) [P. C. § 9009].

Error is also assigned upon the failure of the court

to give an instruction that a homicide is justifiable "in the actual resistance of an attempt to commit a felony upon the slayer," under the second subdivision of Rem. Comp. Stat., § 2406 [P. C. § 9011]. In the event of a new trial it will probably be better to give a requested instruction under this second subdivision.

[3] Error is also predicated upon the giving of an instruction in regard to self-defense. This instruction as given failed to clearly state that the appellant had a right to resort to self-defense, even though another person under similar circumstances might have not entertained the honest belief that he was in danger of great personal injury. The test in these cases is not what someone else would believe, but as to what belief was entertained by the appellant himself; and the amount of force which he had a right to use in resisting an attack upon him was not the amount of force which the jury might say was reasonably necessary, but what under the circumstances appeared reasonably necessary to the appellant.

"This instruction left it for the jury to say whether it was necessary for the appellants to use force in defending themselves, and as to the amount of force necessary for that purpose. This is not a correct statement of the law, for the jury might well have believed that the appellants were not justified in fact in using any force, or that they used more force than was actually necessary. The true test was, what was the condition at the time the assault was made; and the appellants' right to resist force with force is dependent upon what a reasonably cautious and prudent man, situated as were the appellants, would have done under the condition then existing. If the appellants, at the time of the alleged assault upon them, as reasonably and ordinarily cautious and prudent men, honestly believed that they were in danger of great bodily harm, they would have the right to resort to self defense, and their conduct is to be judged by the condition appearing to

them at the time, not by the condition as it might appear to the jury in the light of testimony before it. The appellants need not have been in actual danger of great bodily harm, but they were entitled to act on appearances; and if they believed in good faith and on reasonable grounds that they were in actual danger of great bodily harm, although it afterwards might develop that they were mistaken as to the extent of the danger, if they acted as reasonably and ordinarily cautious and prudent men would have done under the circumstances as they appeared to them, they were justified in defending themselves. . . ." *State v. Miller*, 141 Wash. 104, 250 Pac. 645.

[4] Another instruction left it for the jury to say whether it was necessary for the appellant to use force in order to defend himself. The true test is whether the appellant had cause to reasonably believe that he was in danger of death or great bodily harm. This rule finds statement in the syllabus of *State v. Churchill*, 52 Wash. 210, 100 Pac. 309, as follows:

"The criterion of apparent danger is the situation as viewed from the defendant's standpoint, or danger apparent to his comprehension as a reasonable man in his situation."

[5] Objection is also made to an instruction in regard to the testimony introduced as to the appellant's reputation; it being stated in the instruction that, "when there is a serious conflict in the testimony, as to the guilt or innocence of the defendant," then evidence of previous good reputation should be considered. This instruction was in error in confining the consideration of this class of testimony to a case where there was a serious conflict; for evidence of good character is admissible, not only in a case where doubt otherwise exists, but may be offered for the purpose of creating doubt itself. *State v. Cushing*, 14 Wash. 527, 45 Pac. 145, 53 Am. St. 883.

The same objection is made to the balance of this instruction, which confined the jury's consideration of evidence of the general reputation and character of the deceased for quarrelsomeness. The consideration of such testimony should not have been confined to a situation where there was a serious conflict in the testimony for the purpose of determining who was the aggressor in the affray.

[6] Complaint is made of the exclusion of the coroner's inquest notes which were referred to by a witness in order to refresh his recollection. There was no necessity of receiving these notes in evidence and particularly for the reason that they contained certain matter which would have been highly improper and inadmissible. The most that appellant could ask was that he be allowed access to these notes for the purpose of cross-examination of the witness. *Butcher v. Seattle,* 142 Wash. 588, 253 Pac. 1082.

[7] The appellant asserts that error was committed in the admission of photographs showing the body of the deceased lying upon the deck of the boat where he met his death. We find no error in the admission of these photographs, as they were sufficiently identified as representing the situation at the time the crime was discovered.

For the errors already indicated, the judgment will be reversed, and a new trial ordered.

FULLERTON, MAIN, MITCHELL, and FRENCH, JJ., concur.