[No. 24335. Department One. April 17, 1933.]

The State of Washington, *Respondent*, v. Albert G. McKeown, *Appellant*.[1]

*Charles F. Riddell* and *Henry Clay Agnew*, for appellant.

*Robert M. Burgunder* and *Emmett G. Lenihan*, for respondent.

Millard, J.—To the information charging him with the crime of murder in the second degree, the defendant entered a plea of not guilty and a special plea of mental irresponsibility at the time the offense was committed. The trial resulted in a verdict of guilty as charged. This appeal is prosecuted from the judgment and sentence pronounced upon the verdict.

Evidence was introduced to sustain the plea of mental irresponsibility. Drs. Nicholson and Price,

[1]Reported in 20 P. (2d) 1114.

specialists in mental diseases, testified for the state in rebuttal. Each of the two alienists was permitted, over appellant's objection, to give his opinion as to the sanity of the appellant, based upon an examination he made of the appellant prior to the trial and upon appellant's testimony and the testimony of a few other defense witnesses to which the alienist had listened in court. Was the opinion testimony of the two expert witnesses admissible? That is the first question presented by this appeal.

The two experts testified that they had listened to all of the defense testimony with the exception of a few minutes when they had been called out of court to respond to telephone calls. Each expert was asked to state his opinion as to the sanity of the appellant, based upon an examination he had made of appellant prior to the trial and upon appellant's testimony and the testimony of other defense witnesses respecting the issue of sanity.

The only objection interposed when each of the experts was requested to give his opinion as to the sanity of the appellant, was the general objection that the testimony was incompetent, irrelevant and immaterial. Following such general objection to the question asked of Dr. Price, the trial court inquired, "What is the basis of your objection?" Counsel for appellant stated the expert witnesses did not hear all of the defense testimony; and that it was improper for the two alienists to give their opinions whether the appellant was sane, as that was an issue to be determined by the jury.

"MR. AGNEW: The basis of this objection is the same as the basis of the objection to the other question. He wants him to base his opinion on the fact that he was in the court room some of the time and heard some of the witnesses. Now, what does he believe about it? In other words, he is asking the wit-

ness to decide for fifty dollars a day the same question that we have the jury here to decide for five dollars a day. THE COURT: Is your objection limited to the fact that he might have been out of the court room a few times? MR. AGNEW: It is not limited to that, but that is one of the principal parts. The same as the other doctor. He also testified that he was not here all of the time. Q. Doctor, did you hear all of the defendant's testimony? A. I did. Q. All of the father's testimony? A. My recollection is that I heard all of the father's testimony, but not all of his cross-examination. Q. Well, I think you are safe in eliminating that at all times. Did you hear the mother's testimony,—I mean Mrs. McKeown's testimony? A. Dr. McKeown's wife? Q. Yes. A. I did. Q. Well, now, then, basing your answer upon the testimony of Dr. McKeown, his wife, and his father, and your own examination of the defendant, what is your opinion as to whether or not he was sane and mentally responsible at the time that he killed his mother? MR. AGNEW: Same objection. Incompetent, irrelevant, and immaterial. It does not distinguish what is accepted as facts. The only way to ask an expert witness a question is by a hypothetical question. MR. BURGUNDER: I didn't hear any asked of Dr. Rohwer. THE COURT: Objection overruled. I take it that is a matter in the discretion of the court. In any event, there would be no prejudice. Objection overruled. A. I did not see anything that would indicate that he was of unsound mind.''

In this court, appellant's counsel contend that it was error to permit the two alienists to give their opinions as to the sanity of the appellant without basing such opinion upon an assumption of facts; that is, the alienists should have been directed that they assume to be true all of the testimony upon which they based their opinions.

The opinion, in each instance, as to the sanity of the appellant was based upon an examination each of the experts made of the appellant before the trial, and

also based upon the testimony of the appellant, the appellant's wife, and the appellant's father, all of which, except the cross-examination, the expert witnesses heard. The question asked of Dr. Nicholson, respecting the narration of appellant at the time the former examined the latter, specifically directed the expert witness to accept as true what appellant told him. Dr. Nicholson was asked:

"With reference to the actions in the basement, accepting as true what he told you, upon what did you base your conclusion that he was sane down there?"

That Dr. Price assumed as true the story told to him by appellant when the former examined the latter, is clearly reflected by the answer of that witness that "My opinion, based upon his description of what occurred at that time, led me to conclude that he was sane."

The testimony to which appellant especially objected, and upon which the opinion was based as to the sanity of the appellant, was limited specifically to the testimony of the appellant, the appellant's father and the appellant's wife. The alienist testified that he heard all of that testimony except a portion of the state's cross-examination of appellant's father. The record does not disclose any conflict in the testimony of those witnesses, or any attempt by the state to confute any of that testimony referring to the sanity of the appellant or his mother.

The trial court did not err in overruling the appellant's objections. In form, the questions asked of the experts may not have conformed to the most exacting criterion of technical precision, in that the experts were not directly asked to assume to be true the testimony upon which they based their opinions as to the sanity of the appellant. Nevertheless, it fairly appears that the expert witnesses at all times

based their opinions upon the assumption of the truth of the testimony on which their opinions were partially based, and that the testimony upon which their opinions were based was not conflicting.

A like question was presented in *State v. Spangler,* 92 Wash. 636, 159 Pac. 810. In that case, the alienist was asked:

"You have heard the facts, you have heard the evidence that has been given here on the witness stand by the witnesses, also you have testified that you made an examination of the defendant a few days ago; I wish you would state whether or not in your opinion the defendant was sane or insane at the time he murdered his wife on August 13, 1915."

On appeal, counsel for defendant urged that the question was improper, in that the expert was not directed to assume the testimony to be true upon which he based his opinion. We disregarded the suggestion that the objection was insufficient to save the question, and held that the evidence was properly admissible,

". . . for the reason that there was no substantial conflict in the testimony of the witnesses upon which the opinion of the witness as to the sanity of the accused was partially based. The rule is that such a question is proper where based upon the testimony of a single or a few witnesses in whose testimony there is no substantial conflict, so that it is not probable that the expert witness and the jury understood the testimony differently. 1 Thompson, Trials (2d ed.), § 595; *Cornell v. State,* 104 Wis. 527, 80 N. W. 745.

"In the case last cited, speaking upon a similar question, it was said:

" 'That such question is proper where based upon the testimony of a single or a few witnesses, whose testimony is not conflicting, so that there is no likelihood that the expert witness and the jury can understand it differently'."

It was proper for the expert witnesses to express their opinions, based on the testimony of the defense witnesses, upon the sanity of the appellant, though that was a fact ultimately to be found by the jury.

"It is claimed that the court erred in admitting the testimony of two physicians as experts. The doctors had listened to practically all the testimony of the defendant, and that which they had not heard was read to them. The doctors were asked whether, in their opinion, the defendant was sane or insane at the time of the killing, basing their answers on such testimony. The court carefully confined the witnesses to an expression of opinion based on such testimony of the defendant, and it was so given. Defense claims that the testimony of such witnesses usurped the functions of the jury. That physicians are qualified as experts to give testimony in such cases is generally recognized in the law. 22 Corp. Jur. p. 543, § 640; p. 661, § 758; 11 Ruling Case Law, p. 600, § 27. That a physician may base his opinion on a given state of facts in a hypothetical question, or upon uncontradicted testimony which he has heard, has been held by this court. *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *Duthey v. State,* 131 Wis. 178, 188, 111 N. W. 222 [10 L. R. A. (N. S.) 1032]. The opinion of an expert upon an ultimate fact to be determined by the jury is admissible in evidence under proper questions. *Daly v. Milwaukee,* 103 Wis. 588, 79 N. W. 752. We see no error in the court's ruling in this regard." *Tendrup v. State,* 193 Wis. 482, 214 N. W. 356.

To the same effect is *State v. Swartz,* 108 Wash. 21, 182 Pac. 953, where it was contended that a physician's opinion as to the cause of death of the deceased was inadmissible.

■ The assignment of error on the court's denial of appellant's request that a certain transcript, then being used by the prosecuting attorney in cross-examination, be marked as an exhibit, is without merit. On cross-examination, in refutation of the ap-

pellant's testimony that some of the statements made by him after his arrest were due to leading questions asked by the investigating officers, the prosecuting attorney handed to the appellant a transcript of the statement appellant made before a court reporter and asked appellant to examine the statement to ascertain if his (appellant's) story was not given in narrative form instead of as a result of leading questions continuously asked him. The appellant admitted it was a narrative, and was made without any questions. Then occurred the following colloquy between the court and counsel:

"MR. AGNEW: I ask that the statement be marked as an exhibit, your Honor, as it has been before the jury in that manner. I think it now becomes proper to be marked as an exhibit so we can introduce it. They can't exhibit a statement before the jury like that and then claim it is their property and it be suppressed. Of course it is their property, but now they have made it public. The record shows they are referring to some document. What document? We have a right that the record show what it is. THE COURT: You may make your record at the proper time. MR. AGNEW: I want to make it now. I am asking for a court order, ordering the prosecuting attorney to offer the document in evidence that he just exhibited to the witness, and I ask that that be taken up and sent to the jury room so they can read it all. THE COURT: The order will be denied."

The request that the prosecuting attorney be ordered to offer the transcript in evidence and that it be sent to the jury room, was improper. The transcript was not admissible in evidence for the purpose demanded—that it be taken to the jury room so the jurors could read same. See *State v. Tyree,* 143 Wash. 313, 255 Pac. 382; *State v. Moody,* 18 Wash. 165, 51 Pac. 356.

The only right appellant had, and that he did not

request, was, upon the conclusion of the cross-examination, the use of the transcript in re-direct examination of the appellant. *State v. Tyree,* 143 Wash. 313, 255 Pac. 382.

A careful examination of the record fails to disclose reversible error. The contention that the state's attorney, in his closing argument to the jury, was guilty of misconduct, is without substantial merit. The instructions given fully stated the legal questions involved and carefully guarded all the rights of appellant. No error was committed in refusing to give the requested instructions.

The judgment is affirmed.

BEALS, C. J., MITCHELL, and HOLCOMB, JJ., concur.