[No. 29887. Department Two. August 24, 1946.]

THE STATE OF WASHINGTON, *Respondent*, v. ANN GREGORY, *Appellant*.[1]

[1] Reported in 171 P. (2d) 1021.

*G. E. Clark,* for appellant.

*Lloyd L. Wiehl* and *Lincoln E. Shropshire,* for respondent.

BLAKE, J.—Defendant was charged with first-degree murder. Upon trial of the charge, the jury returned a verdict of guilty of murder in the second degree. From judgment and sentence entered on the verdict, defendant appeals.

Appellant makes some ten assignments of error, which, however, raise but three questions meriting discussion. At the outset, we may say that we have considered all the assignments and find them without substance, except in so far as they relate to these questions: (1) whether the *corpus delicti* was sufficiently established by the state's evidence to justify submission of the case to the jury; (2) whether the court erred in admitting in evidence as an exhibit a transcript of examinations of appellant conducted by the prosecutor shortly after her arrest; (3) whether the court erred in refusing to give the following instruction requested by appellant:

"You are instructed that it is the law of this state that no person shall be convicted of murder or manslaughter unless the death of the person alleged to have been killed and the fact of killing by the defendant, as alleged, are each established as independent facts beyond a reasonable doubt."

First. There are two elements which go to make up the *corpus delicti* on a charge of murder: (a) the presence and identification of a body, and the fact of killing; and (b) the criminal agency which effected death. In other

words, it is necessary for the state to establish the identity of the slayer, as well as that of the slain. 7 *Am. & Eng. Ency. of Law* (2d ed.) 861; *State v. Richardson,* 197 Wash. 157, 163, 84 P. (2d) 699.

■ While the *corpus delicti* cannot be established by confession or admission of defendant, standing alone, a confession or admission of defendant may, along with other circumstances, be shown to establish it. *State v. Marcy,* 189 Wash. 620, 623, 66 P. (2d) 846.

The salient facts developed by the state's evidence may be summarized as follows: that, on the morning of June 29, 1945, the body of a female baby, not more than three days old, was found on the city dump at Yakima; that the child's death resulted from an incisive wound, a little to the left of the navel, which penetrated the abdominal cavity through to the backbone; that the body had been badly scorched by fire, but had remnants of *wrapping paper about it;* that it had been thrown from a garbage can behind the stage depot at Yakima onto a load of refuse and carried to the dump the day before, June 28th; that, prior to June 25th, characteristics of pregnancy were manifest in the appearance of appellant which were not apparent two days later; that on June 25th she gave birth to a female child, and on June 28th deposited its body in a garbage can back of the stage depot.

■ The two facts last noted were, of course, established by admissions made by appellant subsequent to her arrest. Establishment, therefore, of the ultimate facts—the identity of the slayer and the identity of the slain—rests very largely upon appellant's admissions. Nevertheless, in the light of the circumstances under which those admissions were made, we believe that the evidence adduced by the state was sufficient to take the case to the jury on those issues. The reason for our belief will appear in our discussion of the second question. But, before passing to that, we should notice the contention of appellant that the evidence that the body of the baby found at the city dump came from a garbage can behind the stage depot, was purely speculative. Evidence of the fact is, indeed, circumstantial. It is not,

however, necessary to summarize it here. Suffice it to say that we think the evidence was sufficient to convince the jury that such was the fact.

Second. Appellant was arrested July 3rd and subjected to a physical examination. At the trial, the physician who examined her testified that she had given birth to a child a short time before. No objection was made to this testimony; and no error is assigned on its admission.

On the same day, July 3rd, appellant was subjected to an oral examination in the prosecutor's office. Several persons were present, among whom was a stenographer who took notes of the proceedings by the question and answer method. The examination covers some twenty-one typewritten pages.

In the beginning, appellant said that she had given birth, unassisted, to a female child on June 19th, and that she had given the baby to a married couple who lived in Moscow, Idaho. Later in the examination, she said that she had given birth to the child about one-thirty in the afternoon of June 25th; that, when she went to sleep that evening, the baby was alive, but that it was dead when she awoke the next morning; that she wrapped the body *in wrapping paper*, and on June 28th put it in a garbage can in the alley behind the apartment house where she lived.

On July 5th, upon further examination, of which a similar transcript was made, she stated that, on the afternoon of June 28th, she carried the body downtown and left it in a locker at the stage depot; that, about seven-thirty that evening, she took the body from the locker and put it in the garbage can behind the depot.

Officers present at these proceedings were called as witnesses and testified concerning these inconsistent statements made by appellant.

The stenographer was then called as a witness, and, without objection, read the transcript which she had made of the examinations, in its entirety. The transcript had been subscribed and sworn to by appellant on July 5th. At the close of the stenographer's testimony, the transcript was

offered in evidence, and admitted as an exhibit, over appellant's objection.

█ It was admitted, doubtless, upon the theory that it embodied a *confession* by appellant of the offense charged. But the transcript, in this instance, was not admissible as a confession, for, throughout the examinations and at all times, appellant has steadfastly denied that she killed the child or inflicted any injuries whatsoever upon it. The evidence of her conflicting statements was, of course, admissible, but not so the transcript of the examinations. *State v. Moody,* 18 Wash. 165, 51 Pac. 356; *State v. Tyree,* 143 Wash. 313, 255 Pac. 382; *State v. McKeown,* 172 Wash. 563, 20 P. (2d) 1114. To hold it admissible would, in effect, be authority for the transcription of the testimony of any particular witness in a case and submission of it to the jury as an exhibit. For the sum and substance of the stenographer's testimony consisted *merely* of the reading of the transcript which she had made at the proceedings of the examinations.

█ Third. Rem. Rev. Stat., § 2391 [P.P.C. § 117-3] provides:

"No person shall be convicted of murder or manslaughter unless the death of the person alleged to have been killed and the fact of killing by the defendant, as alleged, are each established as independent facts beyond a reasonable doubt."

The requested instruction was in the terms of the statute and should have been given to the jury, notwithstanding that the instructions, when read as a whole, carry, by implication, the substance of the statute.

The judgment is reversed, and the cause is remanded with direction to grant a new trial.

BEALS, C. J., MILLARD, ROBINSON, and JEFFERS, JJ., concur.