BLUESTEIN ET AL., APPELLANTS, *v.* THOMPSON, APPELLEE.

(No. 8157—Decided January 3, 1957.)

*Messrs. Dolle, O'Donnell, Cash, Fee & Hahn,* for appellants.
*Messrs. McCaslin, Imbus & McCaslin,* for appellee.

*Per Curiam.* The plaintiff's automobile was driven by a bailee along his driveway. He brought it to a stop when the front end extended about one or two feet into a public highway. The view from the driveway along the highway to the left was obscured by foliage and a stone pillar, and, according to plaintiff's witnesses, the stop was made so as to observe what, if any, traffic was approaching. The bailee and a passenger in the plaintiff's automobile both testified that the defendant's automobile was from 90 to 100 feet to the left of plaintiff's automobile when it was brought to a stop. From that position, the defendant proceeded for from 15 to 30 seconds and collided with the plaintiff's automobile.

On cross-examination of Ruth Mode, the passenger in plain-

tiff's automobile, defendant's counsel produced a written statement which he held in his hand while conducting such cross-examination and asked her if she had not stated in that signed statement that defendant's automobile was only 30 feet away when the driver of plaintiff's automobile saw it and applied the brakes. Ruth Mode, in answer, said that "She *probably* had said this in the written statement."

On redirect examination of Ruth Mode, the plaintiff's counsel asked for an order directing defendant's counsel to allow him to inspect the written statement. The court refused to make the order, to which the plaintiff excepted. Thereupon, plaintiff's counsel proceeded to examine Ruth Mode fully concerning the circumstances surrounding the making of the written statement, during which examination she testified she told the insurance adjuster that she was unable to estimate distance in feet accurately.

Defendant testified that she was only 20 or 30 feet away when plaintiff's automobile pulled out in front of her and that she applied the brakes at once, but was unable to stop.

The only other witness for the defendant was the insurance adjuster, who, over the plaintiff's objection, testified to the contents of the written statement signed by Ruth Mode which he had prepared after interviewing her on the subject. He testified that the estimate of 30 feet was arrived at after comparing the distance with the known length of Ruth Mode's living room.

On cross-examination of the insurance adjuster, the plaintiff's counsel again requested the court to direct defendant's counsel to permit him to inspect the written statement, and the court again denied the request, to which the plaintiff excepted.

Thereupon, plaintiff's counsel cross-examined the insurance adjuster fully as to the contents of the written statement and the circumstances under which it was prepared and signed.

The foregoing recital of facts is a paraphrase of the recitals in a narrative bill of exceptions which does not purport to contain all the evidence. Presumably it was submitted under the authority of Section 2321.04, Revised Code, and correctly presents the rulings of the court in relation to the signed statement and the testimony as to its contents. Had the defendant

disputed that, it was her privilege to offer objections or amendments under Section 2321.06, Revised Code. And as the bill is described as an amended bill, amendments to the original bill were manifestly made.

We find the bill of exceptions adequate to present the errors alleged by the plaintiff.

This is an action based on alleged negligence for the damage to the plaintiff's automobile. The only issue on which liability depended was whether this collision had been caused, or contributed to, directly, by the defendant's negligence, if any. There was no issue of contributory negligence.

The case was tried to the court without the intervention of a jury. At the conclusion of the evidence, the court found for the defendant and entered judgment for her. It is from that judgment that this appeal is taken.

The testimony was confined to that of the two occupants of the plaintiff's automobile, the defendant, who was driving her automobile, and the claims agent of an indemnity company.

These two occupants of plaintiff's automobile testified to facts from which defendant's negligence could be inferred, and only one, defendant herself, testified to facts tending to exonerate her from the charge of negligence; thus, the materiality of the testimony of the impeaching witness becomes apparent. If believed, it would swing the preponderance of the evidence from the plaintiff to the defendant.

There is no doubt that if the contents of this signed written statement were competent, the writing itself was the best evidence. This fundamental rule is stated in 32 Corpus Juris Secundum, 701, Section 777, as follows: "The best evidence rule is that the highest degree of proof of which the case from its nature is susceptible must, if accessible, be produced." That the writing was the highest degree of proof of its contents is manifest. And being in the possession of the defendant's attorney in the courtroom, it was accessible. All that was needed was an order directing the defendant's attorney to hand the writing to the plaintiff's attorney. In 5 American Jurisprudence, 265, 266, Section 7, it is said: "Above all, an attorney owes to the court the duty * * * of being obedient to its rules and proper orders."

We find no case holding the introduction of impeaching documents to be, per se, erroneous. Some cases do hold that the circumstances surrounding their introduction constituted error. We also find cases holding that while the rejection of impeaching documents constituted error, nevertheless, the circumstances were such that the appellant was not prejudiced thereby, and, for that reason, the rejection was not reversible error. *Babbitt* v. *Say, Admr.,* 120 Ohio St., 177, 165 N. E., 721, relied on by the defendant, is that sort of case. In that case, the impeached witness admitted "making every statement contained in such writing." By explicitly admitting every statement in the writing, the witness impeached himself, and there could, therefore, be no prejudice in excluding the writing, even though its exclusion might be technically erroneous.

The facts in the case at bar are markedly at variance with the facts in *Babbitt* v. *Say, supra.* In this case, the witness, Ruth Mode, did not admit categorically that the written document which she had signed contained the statement that "defendant's car * * * was only 30 feet away when Mrs. Moss saw it and braked." She said that she had probably said that in the written statement. She also testified that she told the adjuster that she was unable to estimate distance in feet. Whether this appeared in the written statement we do not know. And defendant seems to have considered this as an insufficient admission. Her counsel deemed it advisable to place the adjuster on the stand to fortify the impeachment by testifying, not only to the contents of the writing, but, also, to the surrounding circumstances, and to the oral statement already referred to.

As we view it, this case is unusual only in that the question arises out of the redirect examination of the witnesses, whereas, it usually arises out of the cross-examination of the witness sought to be impeached. But no matter how it arises, the applicable principle is the same.

Of course, if, as was the case in *Babbitt* v. *Say, supra,* the witness admits, without qualification, that he signed the written statement and testifies fully to its contents, there is no need for encumbering the record with the writing. But the admission must be positive and comprehend the entire writing. In 58

American Jurisprudence, 430, Section 780, it is said on this subject that:

"But it has been held that proof of former statements is admissible where the witness neither admits nor denies them, and says that he probably did make them, or where he only partially denies them."

The case of *Butcher* v. *City of Seattle,* 142 Wash., 588, 253 P., 1082, relied upon by the plaintiff, is identical with the case at bar in all material respects, the only difference being that in that case the witness admitted, without qualification, that he had made the statement, thus dispensing with the necessity of introducing the statement itself. We quote the first paragraph of the syllabus:

"Where a witness admitted making a written statement contrary to his evidence, showing him the paper is unnecessary for his impeachment; but it is prejudicial error, where his testimony is vital, to refuse to allow counsel to see the paper, then present in court, for the purpose of redirect examination to explain the apparent contradiction."

At page 589, the court said:

"The witness having admitted that he had made a written statement contrary to his statement upon the stand, it was unnecessary to lay the foundation for impeaching him by showing him the statement; but that does not answer the appellant's contention that his counsel should have been allowed to inspect the statement for the purpose of redirect examination."

See, also, *Smith* v. *Pacific Truck Express,* 164 Ore., 318, 100 P. (2d), 474; and *Gegan* v. *Kemp,* 302 Mich., 218, 4 N. W. (2d), 525.

In *Affronti* v. *United States,* 145 F. (2d), 3, it was held, as stated in the fifth paragraph of the headnotes, that:

"In prosecution for unlawfully selling morphine, where the inspector's official report was used in cross-examination for purpose of discrediting inspector as a witness, other portions of the report were properly used on redirect examination to show that inspector's testimony and the report were not in serious conflict."

For these reasons, the judgment of the Municipal Court of

Cincinnati is reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

HILDEBRANT and MATTHEWS, JJ., concur.

Ross, P. J., dissenting. In this case, the trial was had in the Municipal Court of Cincinnati without a jury. Judgment was rendered by that court for the defendant. An appeal on questions of law was taken directly to this court. No separate findings of fact or law were made by the trial court, and, as far as the record shows, none was requested. The evidence taken at the trial is presented in a narrative bill of exceptions which purports to contain all the evidence.

The plaintiff in the case is the owner of an automobile driven by another person with her consent. The case, therefore, presents the situation of an automobile bailment, eliminating the issue of contributory negligence against the plaintiff owner, bailor. It does not, however, eliminate the question of proximate cause. The pertinent facts are that the driver of the automobile drove the vehicle out of his driveway onto a public thoroughfare, where it was struck by an automobile driven by the defendant. The view from the direction from which the defendant's automobile was approaching was impaired by a stone pillar and shrubbery. There is evidence that the driver of the plaintiff's automobile stopped it when two feet out in the street. The conflict in the evidence is concerned with the distance between the two vehicles when the plaintiff's automobile entered the thoroughfare. Obviously, if the plaintiff's automobile was stopped in the direct path of the defendant's vehicle at such a time that the driver of such latter vehicle could not with reasonable care have brought it to a stop, then the defendant is not responsible for injury which may have occurred. A question is here presented as to what was the proximate cause of the damage. Another question is, was the defendant negligent?

Much of the complaint of the plaintiff is concerned with the failure of the trial court to grant the request of the plaintiff to examine a written signed statement of a witness for the plain-

tiff, used by the defendant in questioning such witness, apparently in an attempt to impeach her testimony. An insurance adjuster who took such statement from the witness was also examined at length by the defendant as to the contents of such statement. The trial court committed error in refusing the request of the plaintiff for an examination of the document. Was such error so prejudicial as to require a reversal of the judgment in favor of the defendant? No profert appears in the record of what the witness said in her written statement, and her answers as to what she said therein do not indicate that it contained statements to the advantage of the plaintiff. The prejudice to the plaintiff is, therefore, in the realm of speculation. The error did not justify a reversal for error prejudicial to plaintiff.

The bailor-bailee rule involving negligence is, in many cases, one which, when strictly applied, is of such a nature as to result in injustice. Unless such rule is clearly applicable such injustice should be avoided.

For the reasons that the judgment of the trial court is not defined by special findings, and that there is no profert *in the record* showing that the answers given by the witness on the stand were the same as those in the statement given the insurance adjuster, the judgment of the trial court should be affirmed.